## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| In re<br><br>Paul R. Hansmeier,<br><br>*Debtor.*<br><br>------------------------------------------------<br><br>Paul R. Hansmeier,<br><br>*Plaintiff.*<br><br>v.<br><br>Randall Seaver, Chapter 7 Trustee,<br><br>*Defendant.* | Bky No. 15-42460<br><br>Chapter 7<br><br><br><br>ADV No. 17-<br><br>**COMPLAINT** |

Paul Hansmeier ("Debtor"), as and for his Complaint against Randall Seaver, Chapter 7 Trustee, states and alleges:

1. This is an adversary proceeding to obtain a declaratory judgment to determine what portion of the funds paid on account of the lien in favor of Sandipan Chowdhury at the closing of the sale of Debtor's condominium, if any, was property of the Chapter 7 estate created by the conversion of Debtor's Chapter 13 case to Chapter 7.

### JURISDICTION, VENUE AND PARTIES

2. This bankruptcy case was commenced by the filing of a voluntary petition under Chapter 13 on July 13, 2015. The case was converted to Chapter 7 on December 3, 2015, and Hansmeier is the Debtor.

3.  Plaintiff Paul Hansmeier is the Debtor in the above-captioned Bankruptcy Case.

4.  Defendant Randall Seaver is the Chapter 7 Trustee in the above-captioned Bankruptcy Case.

5.  This Court has jurisdiction over the subject matter of this adversary proceeding pursuant to 28 U.S.C. §§ 158 and 1334.

6.  This adversary proceeding is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(A) and (O).

7.  Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

8.  The statutory bases for the relief sought are 11 U.S.C. §§ 105, 362 and 541 and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

9.  This Court has power to enter a final judgment on all claims asserted herein.

## GENERAL ALLEGATIONS

10. Debtor filed his Chapter 13 case on July 13, 2015.

11. When he filed his Chapter 13 case, Debtor owned a one-half interest in a condominium located at 100 3rd Ave. S. #3201, Minneapolis, MN 55401. The other one-half interest in the condominium was owned by Debtor's non-filing spouse.

12. As of the date of his Chapter 13 case, the condominium was Debtor's primary residence and was valued by Hennepin County for property tax purposes at $885,000.

13. A computer algorithm from the real estate website Zillow.com generated a similar estimated valuation.

14. Debtor purchased the condominium for $775,000 on "as is" terms from Wells Fargo.

15. At the time he filed his Chapter 13 case, Debtor's interest in the condominium was encumbered by a lien in favor of Sandipan Chowdhury which arose from a judgment entered in the U.S. District Court for the District of Massachusetts. A fully-submitted appeal of that judgment was pending before the First Circuit Court of Appeals at the time of Debtor's filing. The amount of the lien was $71,620.90.

16. After he filed his Chapter 13 case, but before his case was converted to Chapter 7, Debtor decided to sell the condominium in order to reduce his living expenses.

17. Debtor interviewed three listing agents. The agents advised Debtor that if he sold his condominium on an "as is" basis he could expect to receive approximately $900,000 in a sale. The agents further advised that if Debtor made improvements to the condominium and properly staged the condominium for sale he could expect to receive anywhere from $1,000,000 to $1,300,000.

18. Debtor and his non-filing spouse elected to make substantial improvements to the condominium, including resurfacing the floors, repainting the walls, replacing the carpets and installing new light fixtures. Debtor and his non-filing spouse also elected to vacate the condominium during the marketing process and stage the condominium for sale.

19. Debtor listed the condominium for sale at $1.3 million. The condominium was on the market for approximately 28 days and sold for $1.2 million.

20. Debtor's Chapter 13 case was converted to Chapter 7 on December 3, 2015.

21. On December 15, 2015, the sale of the condominium closed. At closing the Chapter 7 Trustee paid off the $71,620.90 lien in favor of Sandipan Chowdhury from the proceeds of the sale of Debtor's condominium.

22. On February 22, 2016, the Chapter 7 Trustee commenced adversary case number 16-4018 against Debtor and his non-filing spouse regarding the division of the proceeds of the sale of Debtor's condominium.

23. On March 17, 2016, the Chapter 7 Trustee commenced adversary proceeding case 16-4031 against Debtor's non-filing spouse seeking to recover and avoid transfers allegedly made to Debtor's non-filing spouse.

24. The parties agreed to settle adversary cases 16-4018 and 4031. Pursuant to the settlement agreement the Trustee received $55,000 of the condominium sale proceeds and 80% of any monies recovered on the supercedeas bond listed on Debtor's Schedule B. The settlement was approved by the Court on July 27, 2016. In total, the estate has received approximately $97,000.

25. The settlement agreement drafted by the Trustee, entered into by the parties and approved by the Court did not indicate that the estate would receive any recovery of the proceeds paid to Chowdhury at closing in the event that the First Circuit vacated Chowdhury's judgment against Hansmeier.

26. On August 4, 2016, the United States Court of Appeals for the First Circuit vacated the judgment in favor of Sandipan Chowdhury entered against Hansmeier and remanded the matter to the United States District of Massachusetts.

27. On November 18, 2016, the Chapter 7 Trustee filed an adversary proceeding for restitution against Sandipan Chowdhury and Booth Sweet LLP to recover the funds paid with respect to the funds paid out to Chowdhury at the December 15, 2015 closing.

28. Neither Chowdhury nor Booth Sweet LLP answered or otherwise responded to the Chapter 7 Trustee's complaint within the deadline for doing so. Judgment by default was entered against Chowdhury and Booth Sweet LLP. Chowdhury and Booth Sweet LLP have appealed the Court's denial of their motion to vacate to the U.S. District Court for the District of Minnesota.

## Count 1 – Declaratory Judgment Re: Determination Of What Portion Of The Funds Paid To Chowdhury On Account Of His Lien, If Any, Were Property Of Hansmeier's Bankruptcy Estate

29. The foregoing paragraphs are incorporated herein by reference.

30. An Actual, ripe and justiciable controversy exists between Hansmeier and the Chapter 7 Trustee regarding whether the funds paid over to Chowdhury at the closing of the sale of Hansmeier's condominium belonged to the Chapter 7 estate created by the conversion of Hansmeier's Chapter 13 case to Chapter 7.

31. Hansmeier's position is that none of the funds belong to the Chapter 7 estate.

32. The Chapter 7 Trustee's position, as Hansmeier understands it, is that all of the foregoing funds is property of the estate.

WHEREFORE, Hansmeier requests an Order re: what portion of the foregoing funds is not property of Hansmeier's Chapter 7 estate.

September 6, 2017 /s/ _____
Paul R. Hansmeier